IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Gbemisola Adeniji and Innocent Obi,** <br> Plaintiffs, <br><br> v. <br><br> **Wells Fargo Bank, N.A., et al.** <br> Defendants. | Case No: 13 C 5231 <br><br> Judge Ronald A. Guzmán |

## ORDER

For the reasons stated below, the defendants' motions to dismiss [46, 48, 52] are granted. Plaintiffs have 21 days to file an amended complaint to the extent they can do so consistent with Federal Rule of Civil Procedure ("Rule") 11. Any amended complaint should incorporate the issues addressed in this order.

## STATEMENT

Plaintiffs' complaint is 114 paragraphs and 20 pages long. The relevant facts alleged are as follows. On July 1, 2008, Wells Fargo, through counsel Dutton & Dutton, filed a foreclosure action against Adeniji Gbemisola with respect to property located at 3416 West Lexington in Chicago. (Am. Compl., Dkt. # 44, ¶¶ 6-8.) Between June 2011 and March 2013, Gbemisola sent letters via certified mail to the defendants seeking validation and verification of the debt. (*Id*. ¶¶ 10, 13.) Wells Fargo continued debt collection activity during the 30-day period in which debt collection activity was to cease. (*Id*. ¶ 11.) The defendants repeatedly called Gbemisola in a harassing fashion demanding payment of the debt and reported "derogatory" information to credit reporting agencies. (*Id*. ¶¶ 12, 14, 74.) Gbemisola alleges that the note and mortgage for her property are fraudulent. (*Id*. ¶ 44.) The defendants "illegally" foreclosed on the property

sometime before June 2011. (*Id*. ¶ 55.) Agents of certain of the defendants attempted to improperly gain entry to the building, collect rents, change locks and evict tenants. (*Id*. ¶¶ 62, 64.) At some point in time, Gbemisola leased the property to Obi with the option to buy. (*Id*. ¶ 71.)

Plaintiffs allege three counts against the defendants, all under the FDCPA. Specifically, Plaintiffs allege that despite seeking verification of the debt, the defendants never provided the requested verification and validation. (*Id*. ¶ 10.) Plaintiffs also allege that defendants failed to send the notification required by § 1692g(a) of the FDCPA within five days of their initial communication with Gbemisola (*id*. ¶ 35), made harassing and intimidating calls to her in its attempt to collect the unspecified debt (*id*. ¶ 48), and falsely represented the amount and character of the debt. (*Id*. ¶ 108.)

Defendants Potestivo & Associates, P.C.[1] and Dutton & Dutton argue that Plaintiffs' claims against them are barred by the *Rooker-Feldman* doctrine and seek to dismiss the claims pursuant to Rule 12(b)(1). *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) ("[T]he *Rooker-Feldman* doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.'") (citation omitted). The Court addresses this basis for dismissal first as it is jurisdictional. "[F]ederal claims presented to the district court that were not raised in state court or that do not on their face require review of a

---

[1] Although not alleged in the complaint, Potestivo indicates in its motion to dismiss that it was retained by Wells Fargo to represent it in the appeal of Gbemisola's foreclosure action. (Potestivo Mot., Dkt. # 52, at 2.)

state court's decision may still be subject to *Rooker-Feldman* if those claims are 'inextricably intertwined' with a state court judgment." *Id*. (citation omitted). While Plaintiffs' complaint makes reference to fraud and alleges that false documents were used in the process of the foreclosure action, Plaintiffs are not actually seeking to set aside or invalidate the foreclosure. The prayers for relief simply ask for damages under the FDCPA. Therefore, the Court concludes that Plaintiffs' claims under the FDCPA against Potestivo and Dutton & Dutton do not seek review of and are not inextricably intertwined with the state court foreclosure action and are therefore not barred by the *Rooker-Feldman* doctrine.[2]

Also as a threshold issue, the amended complaint contains no facts regarding plaintiff Innocent Obi, other than to allege that Gbemisola at some point granted him a lease with an option to buy the Property. (*Id*. ¶ 71.) No facts are alleged, however, suggesting that Obi was injured by any of the defendants' purported conduct. Therefore, he is dismissed as a plaintiff for lack of standing. *Abbott v. Lockheed Martin Corp*., 725 F.3d 803, 808 (7th Cir. 2013) ("Without injury, there can be no Article III standing, which requires a plaintiff to show an injury-in-fact that is fairly traceable to the defendant's conduct and that could likely be redressed by a favorable court decision.").

All of the defendants also move to dismiss under Rule 12(b)(6). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a Rule

---

[2] However, to the extent that Plaintiffs contend that Wells Fargo's documentation of the loan is fraudulent and it therefore is not a creditor under the FDCPA, such a claim would require this Court to review and potentially set aside the judgment of foreclosure, which it does not have jurisdiction to do under the *Rooker-Feldman* doctrine.

12(b)(6) motion to dismiss, the Court accepts the well-pleaded factual allegations as true and draws all reasonable inferences from them in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009).

The allegations as to all of the defendants are lacking. Specifically, the FDCPA imposes liability on "any debt collector who fails to comply with any provision of this title with respect to any person." 15 U.S.C. § 1692k(a). The term "debt collector" is defined as "[a]ny person who uses any instrumentality of interstate commerce or mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiffs' complaint, however, fails to allege any facts showing that the defendants sent Gbemisola a debt collection letter or in any way attempted to collect a debt. Further, Plainitffs only generally refer to "defendants" throughout the complaint without specifying what conduct was engaged in by which defendant. These allegations are insufficient to state a claim under the FDCPA. *Modupe v. CitiMortgage, Inc.*, No. 12 C 13, 2012 WL 5197389, at *3 (N.D. Ill. Oct. 19, 2012) (and cases cited therein). Nor does Plaintiffs' response to the motions to dismiss provide any illumination as it completely fails to address the arguments raised by the defendants and instead discusses other causes of actions not alleged in the complaint. Because the complaint fails to adequately put the defendants on notice of the claims against them, it is dismissed.

The Court also addresses certain other grounds for dismissal as discussion of these issues may be helpful in the filing of any amended complaint. First, to the extent Plaintiffs seek to allege claims under the FDCPA against Wells Fargo for conduct it engaged in as a creditor seeking to collect on a loan that it owned, those claims are dismissed because Wells Fargo is not

4

a debt collector under the FDCPA.[3] *Wilkinson v. Wells Fargo Bank.*, 268 Fed. Appx. 476, 477 (7th Cir. 2008) (upholding district court's determination that Wells Fargo, as a creditor bank, was not a "debt collector" under the FDCPA). *See also* 15 U.S.C. § 1692a(6)(F)(ii) (excluding from definition of debt collector "any person collecting or attempting to collect any debt owed or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such a person").[4]

In addition, the defendants move to dismiss on the ground that the FDCPA claims are barred by the one-year statute of limitations. 15 U.S.C. § 1692(k)(d). However, a plaintiff need not plead around affirmative defenses. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Plaintiffs allege that they sent letters seeking validation as late as March 2013 and the lawsuit was filed July 22, 2013. Therefore, the Court denies the motion to dismiss on statute of limitations grounds.

Plaintiffs have one final opportunity to file a second amended complaint. They would be well-advised to review and follow Rule 8(a), which requires a short and plain statement of their claims, as well as any applicable statutes of limitation. In addition, the defendants are reminded that to the extent they seek to rely on facts outside the four corners of the complaint to dismiss

---

[3] The Court takes judicial notice of the January 17, 2013 opinion of the Illinois Appellate Court in which it states that Wells Fargo filed a foreclosure action against Gbemisola, the Circuit Court of Cook County entered a judgment of foreclosure on the Property and an order approving sale was entered on December 13, 2010. (Dutton Mot. Dismiss, Dkt. # 47, Ex. 2, 1/17/13 Opinion (*Wells Fargo Bank, N.A. v. Gbemisola*, No. 1-11-1580 (Ill. App. Ct.)).

[4] While defendants Ocwen and Litton also argue that they, as loan servicing companies, are excluded from the definition of debt collectors under the FDCPA, they do not point to any allegations stating they are loan servicing companies; therefore, the Court cannot consider this fact on a motion to dismiss.

Plaintiffs' claims, they generally must do so in a motion for summary judgment and not a motion to dismiss under Rule 12(b)(6).

**Date**: January 13, 2014

                                          **Ronald A. Guzmán**
                                          **United States District Judge**